IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **SALVATORE HUERTAS, JESSE SWINSON, and JAMES KOBE JACKSON,** individually and on behalf of all persons similarly situated, | Civil Action No. _____ |
| | **Complaint — Class & Collective Action** |
| | **Jury Trial Demanded** |
| **Plaintiffs,** | |
| v. | |
| **CUSTOM COMMUNICATIONS, INC.,** | |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Salvatore Huertas ("Huertas"), Jesse Swinson ("Swinson"), and James Kobe Jackson ("Jackson") (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendant, Custom Communications, Inc. ("Defendant" or "CCI"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.* ("NCWHA"), and South Carolina state laws. Plaintiffs performed satellite television repair services at residential and commercial customers' homes in North Carolina and South Carolina for CCI, a regional satellite installation and repair company. Plaintiffs allege that although CCI classified them and other similarly situated technicians as independent contractors, they were in fact Defendant's employees entitled to the protections of state and federal wage laws. By misclassifying Plaintiffs as "independent contractors," Defendants failed to pay them an overtime premium for hours worked over forty (40)

1

per week. CCI also deducted substantial amounts from technicians' weekly pay for unlawful "chargebacks," which deprived them of full payment of wages and often reduced their weekly hourly pay below the statutory minimum wage. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state-law claims because those claims derive from a common nucleus of operative facts as the federal claims asserted herein.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district, Defendant resides in this judicial district, and Defendant is incorporated in this State.

## PARTIES

4. Plaintiff Salvatore Huertas is an individual residing in Concord, North Carolina. Between approximately February 2020 and the present, Huertas has worked for CCI as a Technician. Pursuant to 29 U.S.C. § 216(b), Huertas has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

5. Huertas works for CCI out of CCI's location in Charlotte, North Carolina, performing assigned jobs for CCI throughout North Carolina. Huertas regularly works a minimum of six (6) days per week, eight (8) to twelve (12) hours per day, and has not received overtime compensation at any time during the class period and suffered significant deductions

from his weekly pay. During the relevant time period, Huertas worked full-time for CCI, did not do any other work, and did not perform similar services for any other employer.

6. Plaintiff Jesse Swinson is an individual residing in Salisbury, North Carolina, and worked for CCI in North Carolina and South Carolina. Between approximately August 2019 and November 2020, Swinson was employed by CCI as a Technician. Pursuant to 29 U.S.C. § 216(b), Swinson has consented in writing to being a Plaintiff in this action. *See* Exhibit B.

7. Swinson worked for CCI out of CCI's location in Charlotte, North Carolina. During his employment with CCI, Swinson regularly worked an average of seven (7) days per week, about eight (8) hours per day, and did not receive overtime compensation at any time during the class period and suffered significant deductions from his weekly pay. During the relevant time period Swinson worked full-time for CCI, did not do any other work, and did not perform similar services for any other employer.

8. Plaintiff James Kobe Jackson is an individual residing in Wadesboro, North Carolina, and worked for CCI in North Carolina and South Carolina. Between approximately May 2020 and December 2020, Jackson was employed by CCI as a Technician. Pursuant to 29 U.S.C. § 216(b), Jackson has consented in writing to being a Plaintiff in this action. *See* Exhibit C.

9. Jackson worked for CCI out of its location in Charlotte, North Carolina. During his employment with CCI, Jackson regularly worked an average of five (5) days per week, between ten (10) to twelve (12) hours per day, and did not receive overtime compensation at any time during the class period and suffered significant deductions from his weekly pay. During the relevant time period Jackson worked full-time for CCI, did not do any other work, and did not perform similar services for any other employer.

10. Defendant, Custom Communications, Inc. ("CCI"), is a North Carolina company

with its principal place of business located in Raleigh, North Carolina. CCI employs Technicians throughout the United States, but intentionally misclassifies these Technicians as independent contractors.

## FACTS

11. CCI operates and maintains a website which describes its business as "[s]upplying award-winning, mobile field service technicians" that CCI can "immediately deploy."

12. CCI relies on Technicians, such as Plaintiffs, who install, service and repair Dish Network satellite TV and Internet services throughout the southeastern United States. On its website, CCI refers to these workers as "our service technicians."

13. CCI Technicians perform core work that is necessary to CCI's business, namely providing installation and product support for residential and commercial customers.

14. As described above, during the relevant statutory periods, Plaintiffs worked as full-time as Technicians for CCI in North Carolina and South Carolina.

15. CCI treated Plaintiffs and all other Technicians as independent contractors, when the economic reality of the position is that of an employee, and CCI retains the right of control, and, in fact, actually does control their work.

16. For example, the work performed by Plaintiffs and Technicians is an integral part of CCI's business. CCI is in the business of providing satellite TV and Internet installation and repair services. Plaintiffs and Class Members literally performed these exact services, so that without the Technicians, CCI would have no business at all.

17. Plaintiffs' and Class Members' duties do not involve managerial or entrepreneurial skill that affects their opportunity for profit or loss. They perform jobs as assigned by CCI and follow the training and protocols provided to them by CCI in performing their work, which is basic

4

installation and technical services.

18. Plaintiffs and Class Members do not make any significant investments in their work relative to the substantial investment of CCI.

19. Plaintiffs' and Class Members' work does not require special skills, judgment or initiative because all jobs are scheduled and assigned through CCI, and CCI provides training and guidelines regarding how Plaintiffs and Class Members must perform their work.

20. Plaintiffs and Class Members are not customarily engaged in an independently established trade, occupation, profession, or business, and their relationships with CCI are indefinite, resembling an employment relationship.

21. In its agreements with Technicians, CCI reserves the right to control the work performed by Plaintiffs and Class Members. This includes CCI determining the pay scale of the work provided by the Plaintiffs and Class Members "at the time the service is performed."

22. CCI exercises control over the method and manner in which Plaintiffs and the Classes perform their work. For example:

   a. CCI requires Plaintiffs and Class Members to perform their work in accordance with CCI's policies, manuals, standard operating procedures, and Dish Network requirements;

   b. CCI requires Plaintiffs and Class Members to sign on to a CCI application each morning to obtain their job assignments. If Technicians decline any specific jobs, they are penalized because CCI will decrease their pay for future jobs;

   c. CCI requires Plaintiffs and Class Members to wear a CCI uniform and to use CCI's magnetic logo on the vehicles that they operate at all times;

   d. CCI, not Plaintiffs or Class Members, conducts all of the billing and invoicing

directly to customers for the Technicians' work;

e. Plaintiffs and Class Members have no control over what prices to charge. All negotiations over the cost of the work are determined between CCI and its customers;

f. CCI requires Plaintiffs and Class Members to complete training conducted by CCI;

g. CCI imposes fines and penalties for any missing inventory, security tool, or equipment; and

h. CCI requires Plaintiffs and Class Members to submit to a consumer background report and drug test as part of the application process.

23. CCI evaluates and scores Plaintiffs and Technicians' job performance, which determines pay increases and decreases. In fact, CCI promotes on its website that technicians' "pay scales [are] based on tailored performance indicators such as work order completion, arrival time, and warranty claims."

24. Despite CCI's substantial control over all aspects of Plaintiffs work, CCI purports to treat them as "independent contractors" and denies them all protections of state and federal wage laws.

25. CCI fails to pay Technicians the applicable statutory minimum wage, as it requires them to work substantial "training time" without any hourly pay at all.

26. Once Technicians are trained, they are required to pay for work-related equipment. CCI Technicians are required to purchase tools, equipment, and insurance. These required purchases are primarily for the benefit of CCI's business and can cost Technicians hundreds and in some cases over one thousand dollars.

6

27. Technicians also suffer significant deductions from their paychecks for "chargebacks" and other penalties. The chargebacks and work-related expenses often reduce Technicians' payrate below the applicable statutory minimum.

28. Plaintiffs worked on average between five (5) to seven (7) days per week, eight (8) to twelve (12) hours per day. Plaintiffs observed that Class Members routinely work the same schedule. Thus, Plaintiffs and Class Members routinely work in excess of forty (40) hours per week each week.

29. Plaintiffs and Class Members are paid on a per-project or per-job basis with a rate schedule unilaterally determined by CCI. CCI did not pay any overtime compensation for hours worked over forty (40) in a workweek to Plaintiffs and Class Members.

30. CCI has intentionally misclassified Plaintiffs and the Classes to avoid CCI's obligations under the FLSA and state wage laws. In addition, CCI likely saves hundreds of thousands of dollars in avoiding payroll taxes associated with employment and withholding from its Technicians' pay, and in avoiding payment of overtime and minimum wage to its Technicians.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring Count I and II of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following individuals:

> All Technicians who were classified as independent contractors while performing work for Custom Communications, Inc. ("CCI") in the United States from three years before the filing of this Complaint to the present (the "FLSA Collective").

32. Plaintiffs and the members of the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked pursuant to CCI's previously described common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent

7

contractors and have not been paid the full and legally mandated minimum for all hours worked, nor have they received any overtime pay for hours worked over forty per week. Resolution of this action requires inquiry into common facts, including, *inter alia*, CCI's common misclassification, compensation, and payroll practices.

33. The similarly situated employees are known to CCI, are readily identifiable, and can easily be located through CCI's business and human resources records.

34. CCI employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for minimum wage and overtime compensation.

35. Plaintiffs bring Counts III and IV of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of themselves and the following class:

> All Technicians who were classified as independent contractors while performing work for Custom Communications, Inc. ("CCI") in North Carolina from two years before the filing of this Complaint to the present (the "North Carolina Class").

36. Plaintiffs bring Count V of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All Technicians who were classified as independent contractors while performing work for Custom Communications, Inc. ("CCI") in South Carolina from three years before the filing of this Complaint to the present (the "South Carolina Class").

37. The members of the North Carolina Class and South Carolina Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the North Carolina Class and more than forty (40) members of the South Carolina Class.

38. Plaintiffs will fairly and adequately represent and protect the interests of the North

Carolina Class and South Carolina Class because there is no conflict between the claims of Plaintiffs and those of the class members, and Plaintiffs' claims are typical of the claims of all class members. Moreover, Plaintiffs' counsel are competent and experienced in litigating class actions and wage and hour cases like this one.

39. There are questions of law and fact common to the proposed Rule 23 classes, which predominate over any questions affecting only individual class members. The common questions include whether CCI has violated and continues to violate the relevant state wage laws by treating class members as "independent contractors," failing to pay them overtime and statutory minimum wage, and/or deducting substantial amounts from class members' weekly pay.

40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The North Carolina Class and South Carolina Class are readily identifiable from CCI's own records. Prosecution of separate actions by individual members of the North Carolina Class or South Carolina Class would create the risk of inconsistent or varying adjudications with respect to individual North Carolina Class or South Carolina Class members that would establish incompatible standards of conduct for CCI.

41. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many class members, while substantial, may not be great enough to enable them to maintain separate

suits against CCI.

42. Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a motion for class certification pursuant to FED. R. CIV. P. 23, and thereafter, as necessary.

## COUNT I
### Violation of the FLSA—Failure to Pay Minimum Wage
### (On Behalf of Plaintiffs and the FLSA Class)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. CCI is an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

45. Plaintiffs and FLSA Class were employees of CCI for purposes of the FLSA during all times relevant to this Complaint, despite being misclassified by CCI as independent contractors. CCI failed to pay Plaintiff and FLSA Class members an hourly rate of at least the minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206 for all hours worked.

46. Plaintiffs and the FLSA Class members are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

47. Plaintiffs and the FLSA Class members are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. §216(b).

# COUNT II
## Violation of the FLSA—Failure to Pay Overtime
### (On Behalf of Plaintiffs and the FLSA Class)

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA requires that covered employees be compensated overtime pay for all hours worked over forty (40) hours at no less than one and a half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207.

50. The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

51. CCI is subject to the wage requirements of the FLSA because CCI is an "employer" under 29 U.S.C. § 203(d).

52. At all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

53. At all relevant times, CCI is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

54. Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

55. Plaintiffs and the FLSA Class are entitled to be paid overtime for hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

56. CCI does not maintain accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

57. CCI, pursuant to its policies and practices, knowingly failed to pay Plaintiffs and the FLSA Class overtime compensation for all hours worked over forty (40) in a workweek in violation of 29 U.S.C. § 207.

58. In violating the FLSA, CCI acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III
### Violation of the North Carolina's Deduction Statute
### (On Behalf of Plaintiffs and the North Carolina Class)

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Pursuant to N.C. Gen. Stat. § 95-25.8(a)(2), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee "on or before the payday(s) for the pay period(s) from which the deduction is to be made"; (2) providing the reason for each deduction; and (3) providing advance written notice of the actual amount to be deducted.

61. CCI violated N.C. Gen. Stat. § 95-25.8(a)(2) by not receiving sufficient authorization from Plaintiffs and the North Carolina Class, including but not limited to, failing to receive written authorization that "states the actual dollar amount" from each employee "on or before the payday(s) for the pay period(s) from which the deduction is to be made."

62. Additionally, under N.C. Gen. Stat, § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6…even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

63. CCI does not have written authorization from Plaintiffs or any members of the North Carolina Class to withhold, divert, or deduct any portion of his or her wages that concern this lawsuit.

64. Pursuant to N.C. GEN. STAT. § 95-25.22, an employer, such as CCI, who fails to pay an employee wages in conformance with the NCWHA shall be liable to the employee for the wages or expenses that were not paid, pre-judgment interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT IV
## Unjust Enrichment Under North Carolina Law
## (On Behalf of Plaintiffs and the North Carolina Class)

65. All previous paragraphs are incorporated as though fully set forth herein.

66. CCI has received and benefited from the uncompensated labors of Plaintiffs and the North Carolina Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

67. At all relevant times hereto, CCI devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the North Carolina Class without paying wages for all hours worked, by making unauthorized deductions from Plaintiffs' pay, and by requiring Plaintiffs to pay for CCI's own business expenses.

68. By reason of having secured the work and efforts of Plaintiffs and the North Carolina Class without paying wages for all hours worked as required by law, CCI enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the North Carolina Class.

69. Accordingly, it would be inequitable for CCI to retain the benefit of Plaintiffs' and the North Carolina Class' services without paying them wages for all hours worked as required by law.

70. Plaintiffs and the North Carolina Class are entitled to judgment in an amount equal to the benefits unjustly retained by CCI.

**COUNT V**
**Violation of South Carolina Deduction Statute**
**(On Behalf of Plaintiff James Kobe Jackson and the South Carolina Class)**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. CCI is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1), because it employs individuals within the State of South Carolina.

73. CCI employed James Kobe Jackson and the South Carolina Class members within the State of South Carolina. Although CCI misclassified Jackson and the South Carolina Class members as "independent contractors," Jackson and the South Carolina Class were truly "employees" of CCI.

74. CCI failed to provide written notice to Jackson and South Carolina Class members of deductions to their pay, as required by Section 41-10-30 of the Act.

75. CCI failed to pay Jackson and the South Carolina Class members all wages due, as required by Sections 41-10-40 and -50 of the Act, because of the unlawful deductions to their pay.

76. CCI's failure to pay Jackson and the South Carolina Class members all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

77. Pursuant to Section 41-10-80(C) of the Act, Jackson and the South Carolina Class members are entitled to recover in this action an amount equal to three times the full amount of

14

their unpaid wages, or their wrongfully deducted wages, prejudgment interest, and costs and reasonable attorney's fees.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

   a. A declaration that CCI misclassified Plaintiffs and Class Members as independent contractors instead of employees;

   b. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

   c. An order permitting this litigation to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the North Carolina Class and South Carolina Class;

   d. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

   e. Injunctive relief requiring CCI to comply with all applicable federal and state laws and cease their illegal practices;

   f. A judgment in favor of Plaintiffs and Class Members for all penalties and liquidated damages allowed by law;

   g. An award of pre-judgment and post-judgment interest to Plaintiffs and Class Members;

   h. An award of attorney's fees and costs as provided by law; and

   i. Any other relief to which the Plaintiffs and Class Members may be entitled.

Dated: January 19, 2021					Respectfully submitted,

                s/ David E. Rothstein
                David E. Rothstein, NC Bar No. 37825
                ROTHSTEIN LAW FIRM, PA
                1312 Augusta Street
                Greenville, SC  29605
                (864) 232-5870 (office)
                (864) 241-1386 (facsimile)
                drothstein@rothsteinlawfirm.com

                Harold Lichten (*pro hac vice* forthcoming)
                Matthew Thomson (*pro hac vice* forthcoming)
                Matthew Patton  (*pro hac vice* forthcoming)
                LICHTEN & LISS-RIORDAN, P.C.
                729 Boylston St., Suite 2000
                Boston, MA 02116
                Telephone: (617) 994-5800
                Facsimile: (617) 994-5801
                hlichten@llrlaw.com
                mthomson@llrlaw.com
                mpatton@llrlaw.com

                *Attorneys for Plaintiffs*
                *and the Proposed Classes*